FILED
SUPERIOR COURT
OF GUAM

2019 SEP 25 PM 4: 53

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| STANLEY C. WILSON, as Trustee of the MARY PELLETIER TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>EONS ENTERPRISES CORP.,<br><br>Defendant. | Superior Court Case No. <u>CV0651-19</u><br><br>**DECISION AND ORDER**<br>**RE**<br>**MOTION TO SET ASIDE**<br>**ENTRY OF DEFAULT** |

This matter came before the Honorable Elyze M. Iriarte on Defendant Eons Enterprises Corporation's July 8, 2019 Motion to Set Aside Entry of Default. Having reviewed the parties' briefs and applicable law, the Court GRANTS Eons' Motion.

## I.   PROCEDURAL AND FACTUAL HISTORY

Plaintiff Stanley C. Wilson filed suit against Eons on May 23, 2019, for ejectment from a property leased to Eons. Eons has allegedly failed to pay over $25,000 in rent since June 2018 but continues to occupy the premises. Compl. ¶ 9 (May 23, 2019). Eons was served on May 25, 2019, but failed to timely file an answer or respond to Wilson's Complaint. Decl. of Service (May 28, 2019). The Court entered default on June 26, 2019, which Eons seeks to set aside under Guam Rule of Civil Procedure Rule 55(c). Notice of Hearing (June 27, 2019); Mot. Set Aside (July 8, 2019).

## II.   DISCUSSION

Rule 55(c) allows a court to set aside an entry of default for good cause shown. Factors a court considers are those it considers to set aside a default judgment under Rule 60(b): if the

defendant's culpable conduct led to the default, if the defendant has no meritorious defense, or if the plaintiff would be prejudiced if the default is set aside. *Adams v. Duenas*, 1998 Guam 15 ¶ 5. A finding that any of these factors is true is grounds to refuse to set aside the default. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). However, deciding a case on its merits is encouraged whenever possible and default judgments are generally disfavored. *Adams*, 1998 Guam 15 ¶ 5.

A defendant's conduct is culpable "if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Signed Pers.*, 615 F.3d 1085 at 1092. Simple carelessness is not sufficient to treat a defendant's conduct as culpable: a defendant must have acted with bad faith, such as had an "intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001).

Eons seems to have acted with simple carelessness. Not only does Eons allege Eons' manager had difficulty organizing resources to dispute and defend the Complaint, but Eons also seemed to be under the impression that it could settle the matter without involving the Court. Reply at 4 (Aug. 19, 2019). As indicated by the parties, Eons attempted to contact Wilson on June 26, 2019, which Eons contends was to amicably agree to set aside a possible default or to extend the time to file a responsive pleading. Mot. at 2; Opp'n at 2 (Aug. 5, 2019). The parties did not meet until July 5, 2019, where they reached a verbal agreement resolving the substance of the claims in the case. Mot. at 3; Opp'n at 2. Eons subsequently filed its Motion, believing there would be no Opposition from Wilson. Wilson did file an Opposition, alleging that Eons

reneged on their verbal agreement. Opp'n at 2. None of these facts indicate that Eons acted in bad faith by failing to timely respond to Wilson's complaint.

Meeting the meritorious defense requirement is a minimal burden--a defendant must only allege sufficient facts that, if true, could constitute a defense. *Signed Pers.*, 615 F.3d 1085 at 1094. Having reviewed Eons' Motion and Reply, the Court finds it has presented sufficient facts to present a meritorious defense if default is set aside.

Finally, to be prejudicial, "the standard is whether [plaintiff's] ability to pursue his claim will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam). Eons filed its Motion less than two weeks after the Court's entry of default. Though Wilson argues the delay caused him to incur attorney's fees and kept Eons in possession of the property, the Court does not find the delay prejudicial to Wilson. Delays are typically prejudicial if they result in "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433–34 (6th Cir. 1996). If there had been no default, Wilson would have litigated the merits of the case and incurred similar costs and delays in rental payments. These consequences are simply part of the ordinary cost of litigating, and Wilson's ability to pursue his claim has not been hindered. Because the Court does not find the delay prejudicial, it declines to order that Eons pay Wilson's legal fees.

## III.   **CONCLUSION AND ORDER**

For the aforementioned reasons, the Court hereby GRANTS Eons' Motion to Set Aside Entry of Default. The Court's June 26, 2019 Entry of Default is hereby VACATED.

A Scheduling Conference will be held before this Court on October 16, 2019, at 9:00 a.m. The parties are ordered to meet and confer to prepare a proposed Scheduling Order and Discovery Plan and to submit such proposal prior to the Scheduling Conference.

SO ORDERED this 25th day of September 2019.

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the
original hereto was placed in the
court box of:

Date: _____ Time: _____

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Mitchell F. Thompson, Thompson Thompson & Alcantara, P.C., for Plaintiff Stanley C. Wilson,
as Trustee of Mary Pelletier Trust
Daniel J. Berman, Esq., Berman O'Connor & Mann, for Defendant Eons Enterprises Corporation